| | |
|---|---|
| DISTRICT COURT, DOUGLAS COUNTY, STATE OF COLORADO<br><br>Court Address:<br>4000 Justice Way<br>Castle Rock, Colorado 80109 | DATE FILED: August 11, 2023 5:37 PM<br>FILING ID: 60080B66264CE<br>CASE NUMBER: 2023CV30615 |
| Plaintiff: **WILLIAM POMARICO**<br><br>vs.<br><br>Defendant:  **DILLON COMPANIES, LLC d/b/a KING SOOPERS a/k/a KROGER CENTRAL/KING SOOPERS** | ▲COURT USE ONLY▲ |
| *Attorneys for Plaintiff*:<br>Albert W. Northrup (#49138)<br>BENDINELLI LAW FIRM, P.C.<br>9035 Wadsworth Pkwy., Suite 4000<br>Westminster, CO 80021<br>Phone Number: 303.940.9900<br>Fax Number:    303.940.9933<br>Email: AWN@CoLawFirm.com | Case No:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, William Pomarico, by and through his attorneys, the Bendinelli Law Firm, P.C. hereby submit this Complaint and Jury Demand against Defendant, D620 Kroger Central, Inc., and alleges the following:

**PARTIES, JURISDICTION, AND VENUE**

1. This matter arises from the injuries sustained in a trip and fall incident ("the Incident") that occurred on the premises of King Soopers Store #608 ("the Property"), located at 2205 West Wildcat Reserve Parkway, Highlands Ranch, CO 80129.

2. Plaintiff William Pomarico ("Plaintiff") is a resident of the State of Colorado, with his principal residence located at 9941 Elmhurst Lane Unit C, Highlands Ranch, Colorado 80129.

3. Upon information and belief, Defendant Dillon Companies, LLC d/b/a King Soopers a/k/a D620 Kroger Central/King Soopers ("Kroger") is incorporated in the State of Ohio, but does business as King Soopers, Inc. in the State of Colorado.

4. Upon information and belief, Defendant Kroger conducts business under the banner of King Soopers, Inc. ("King Soopers") in the State of Colorado.

5. The Incident occurred on the premises of King Soopers Store #608, located in Douglas County, Colorado.

6. Pursuant to C.R.S. § 13-1-124(1)(a), this Court has personal jurisdiction over Defendant Kroger because they transact business in the State of Colorado.

7. Pursuant to C.R.S. § 13-1-124(1)(b), this Court has personal jurisdiction over Defendant Kroger because one or more tortious acts was committed by one of their employees in the State of Colorado.

8. Pursuant to C.R.S. § 13-1-124(1)(c), this Court has personal jurisdiction over Defendant Kroger because they own, possess, or use real property in the State of Colorado.

9. Pursuant to C.R.S. Const. Art. 6 § 9 (2016), this Court has subject matter jurisdiction over this action because it involves a civil matter, and the amount of controversy exceeds $15,000.

10. Pursuant to C.R.C.P. 98(c)(5), venue is proper in Douglas County District Court because a tort action may be tried in the county where the tort was committed, and King Soopers Store #608 is located in Douglas County.

Removal Exhibit A

## GENERAL ALLEGATIONS

11. Plaintiff incorporates by reference all paragraphs set forth above.

12. On August 12, 2021, at around 1:20 p.m., Plaintiff exited the front door of King Soopers Store #608, turned left, and proceeded down a narrow walkway near the cart corral.

13. At the same time, an associate of King Soopers ("the Associate") appeared in the walkway and proceeded to walk toward Plaintiff next to the wall in the walkway.

14. Plaintiff requested that the Associate wait for him to walk by as there was not enough room for both of them to walk past each other.

15. The Associate did not adhere to this request and instead move toward Plaintiff in a quick and aggressive manner, jumping up the side of the wall to get around Plaintiff which startled Plaintiff and made him fear for his safety.

16. The Associate then landed on both feet and made contact with Plaintiff.

17. Plaintiff reported the Incident to an assistant store manager, who filled out an incident report.

18. As a result of the Associate's negligent actions, Plaintiff twisted and injured his right knee.

19. As a result of the injury Plaintiff has suffered in the Incident, he has undergone consistent medical treatment for his chronic right knee pain including, but not limited to, routine physical therapy, consultations for pain management, and MRIs that revealed various issues such as, but not limited to, tearing of the lateral and medial meniscus.

20. Plaintiff continues to suffer from pain, tenderness, and stiffness in his right knee, affecting his use and range of motion of his right knee.

21. As a result of this injury, Plaintiff will require future medical care, rehabilitation, physical therapy, and other medical services including, but not limited to, an arthroscopic debridement of his right knee.

22. As a direct and proximate result of the negligent conduct of Defendant's Associate, Plaintiff has suffered, and will continue to suffer, injuries, damages, and losses, including but not limited to past and future medical expenses, lost wages, loss of earning potential, permanent physical impairment, physical and mental pain and emotional distress.

**FIRST CLAIM FOR RELIEF**
**(Premises Liability against Defendant Kroger)**

23. Plaintiff incorporates by reference all paragraphs set forth above.

24. At the time of the incident, Defendant Kroger owned, occupied, or conducted activities at King Soopers Store #608, which includes the cart corral area.

25. Upon information and belief, Defendant Kroger was a "landowner" as defined by C.R.S. § 13-21-115(7)(b) at the time of the Incident.

26. Defendant Kroger owed a duty to its invitees to maintain a reasonably safe condition of all foreseeable dangers, including activities conducted by employees or agents on the premises.

27. At the time of the incident, Plaintiff was an Invitee pursuant to C.R.S. § 13-21-115(7)(a) because he entered the Property with the intent to transact business in which both Plaintiff and Defendant Kroger had a mutual interest in and in response to Defendant Kroger's implied representation that the public is intended to enter the Property.

28. At the time of the Incident, Defendant Kroger, through their Associate, created an unreasonable risk of injury to invitees on the Property, including Plaintiff.

29. At the time of the Incident, Defendant Kroger, through their Associate, knew or reasonably should have known about the potential dangers created on the Property by the negligent actions of the Associate.

30. At all relevant times, Defendant Kroger, through their Associate, failed to use reasonable care to protect agonist a danger on the Property, which was created by negligent actions of the Associate.

31. As a direct and proximate result of Defendant Kroger's unreasonable failure to exercise reasonable care against the negligent conduct of the Associate and danger for which it knew or should have known, Plaintiff has suffered, and will continue to suffer, injuries, damages, and losses, including but not limited to past and future medical expenses, lost wages, loss of earning potential, permanent physical impairment, physical and mental pain and emotional distress.

## SECOND CLAIM FOR RELIEF
**(Negligence against Defendant Kroger based on Respondeat Superior)**

32. Plaintiff incorporates by reference all paragraphs set forth above.

33. Pursuant to C.R.S. § 13-21-111.5(1.5)(a), Plaintiff may bring claims against Kroger because the tortfeasor, the Associate, was an on-the-clock associate of King Soopers and Kroger is to be held vicariously liable because as a corporation it can only act through their associates, employees, and agents.

34. Defendant Kroger owed a duty to its customers, including Plaintiff, to maintain reasonably safe conditions against all foreseeable dangers, including actions performed by employees and/or agents.

35. The Associate of Defendant Kroger was acting within the scope of employment when the Incident occurred.

Removal Exhibit A

36. At the time of the Incident, Defendant Kroger breached their duty to Plaintiff when the Associate failed to exercise reasonable care and created an unreasonable risk to customers on the Property, specifically Plaintiff.

37. As a direct and proximate result of Defendant Kroger's negligent acts, performed through their Associate, Plaintiff has suffered, and will continue to suffer, injuries, damages, and losses, including but not limited to past and future medical expenses, lost wages, loss of earning potential, permanent physical impairment, physical and mental pain and emotional distress.

## THIRD CLAIM FOR RELIEF
(Negligent Hiring Against Defendant Kroger)

38. Plaintiff incorporates by reference all paragraphs set forth above.

39. Defendant Kroger owed a duty to Plaintiff to exercise reasonable care in the hiring of the Associate.

40. Upon information and belief, Defendant Kroger breached their duty to exercise reasonable care in hiring the Associate by not performing an adequate background check, checking qualifications for the position, or reviewing necessary knowledge to perform the position.

41. Had Defendant Kroger exercised reasonable care in reviewing the necessary knowledge to perform the position with the Associate, the Incident would not have occurred.

42. As a result, Defendant Kroger was negligent in hiring the Associate and in causing the Incident and the resulting injuries.

43. As a direct and proximate result of Defendant Kroger's negligent hiring of the Associate, Plaintiff has suffered and will continue to suffer injuries including, but not limited to, economic and noneconomic damages and damages for physical impairment and disfigurement.

Removal Exhibit A

**FOURTH CLAIM FOR RELIEF**
**(Negligent Supervision Against Defendant Kroger)**

44. Plaintiff incorporates by reference all paragraphs set forth above.

45. Defendant Kroger owed Plaintiff a duty to exercise reasonable care in supervising the Associate.

46. Defendant Kroger supervised all employees on the Property.

47. Defendant Kroger owed a duty to Plaintiff to exercise reasonable care in assigning duties and responsibilities to the Associate which were appropriate in light of the Associates skills and capabilities.

48. Upon information and belief, Defendant Kroger breached this duty by improperly assigning tasks to the Associate.

49. Defendant Kroger breached this duty by having had reason to know that the Associate would pose an undue risk of harm to others in carrying out the assigned duties and responsibilities.

50. As a direct and proximate result of Defendant Kroger's negligent supervision of the Associate, Plaintiff has suffered, and will continue to suffer, injuries, damages, and losses, including but not limited to past and future medical expenses, lost wages, loss of earning potential, permanent physical impairment, physical and mental pain and emotional distress.

**FIFTH CLAIM FOR RELIEF**
**(Negligent Training Against Defendant Kroger)**

51. Plaintiff incorporates by reference all paragraphs set forth above.

52. Defendant Kroger owed a duty to Plaintiff to exercise reasonable care in training the Associate in assignments pertaining to the position, including the gathering of carts and customer interactions.

53. Defendant Kroger breached that duty by improperly training the Associate in the best practices of cart gathering and customer interaction.

54. Had Defendant Kroger properly trained the Associate, the Incident would not have occurred.

55. As a direct and proximate result of Defendant Kroger's negligent training, Plaintiff has suffered, and will continue to suffer, injuries, damages, and losses, including but not limited to past and future medical expenses, lost wages, loss of earning potential, permanent physical impairment, physical and mental pain and emotional distress.

### **REQUEST FOR TRIAL BY JURY**

56. Plaintiff, Mr. Pomarico demands trial by jury for all claims.

WHEREFORE, Plaintiff, William Pomarico, respectfully requests that judgment be entered in his favor and against Defendant in an amount which will fully compensate him for all damages they have sustained to the full extent allowed by law, including but not limited to economic damages, non-economic damages, and damages for physical impairment and disfigurement as provided for under Colorado Law, as well as interests, costs, and for such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 11th day of August 2023.

BENDINELLI LAW FIRM, P.C.
*This pleading is filed electronically pursuant to C.R.C.P. 121 §1-26. The original signed pleading is in counsel's file.*

By: /s/ *Albert W. Northrup*
Albert Northrup (#49138)
*Attorneys for Plaintiff*

Plaintiff's Address
9941 Elmhurst Lane Unit C
Highlands Ranch, CO 80129

Removal Exhibit A

Removal Exhibit A